IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| BOOKER T. BRANTLEY, | : | |
| Plaintiff, | : | |
| v. | : | |
| THEADORE BUTCH MIKELL, DAN FIELDS, DOUGLAS JONES, LESLIE THOMAS, MARSHA FRESO, JAMES HARRIS, SCOTT AUER, JAMES CURRIE, JOHN WIELAND, LAURENCE SMITH, KATHY K. DOROUGH, DALE POWELL, NEIGHBORHOOD MANAGEMENT & ASSOCIATES, INC., GUILFORD FOREST HOMEOWNERS' ASSOCIATION, INC., JOHN WIELAND HOMES & NEIGHBORHOODS, INC., | : | CIVIL ACTION NO. 1:05-CV-3032-RWS |
| Defendants. | : | |

**ORDER**

Now before the Court are Defendants' Motion to Stay Pending

Resolution of Prior Pending Action [9, 11]; Plaintiff's Motion for Summary

Judgment and Motion to Strike [10]; Defendants' Joint Motion for Sanctions

AO 72A
(Rev.8/82)

[36]; and Defendants' Motion to Dismiss [39].  After considering the entire record, the Court enters the following Order.

## I.     Preliminary Matters

First, Defendants' Motions to Stay Pending Resolution of Prior Action [9, 11] were rendered moot by the Court's Order consolidating the two actions. (See May 23, 2006 Order [42].)  Accordingly, these motions are **DENIED as moot**.

Second, with respect to Plaintiff's Motion for Summary Judgment and Motion to Strike [10], it is clear from the record that service of process on Defendants was invalid under Federal Rule of Civil Procedure 4.  Accordingly, Plaintiff's Motion for Summary Judgment, which is in all respects a motion for entry of default, is **DENIED**.  Moreover, during the Court's May 22, 2006 conference, Plaintiff made clear his desire to see this action resolved on its merits and stated that, if the Court were to indicate that service was improper, he would dismiss the instant action and attempt to effect service on Defendants in accordance with Rule 4.  In view of both Plaintiff's representations to the Court during the May 22, 2006 conference, as well as Defendants' affirmative waiver of any objection to service of process, see infra, Plaintiff's Motion to

AO 72A
(Rev.8/82)

Strike is **DENIED as moot**.

Third, in accordance with the Court's May 23, 2005 Order, Plaintiff has filed his Statement of Claims and all Defendants have responded, affirmatively waiving any objection to service of process in this case. (See Notice [45]; Defs.' Resp. to Court's May 23, 2006 Order [46].) As such, Defendants' Motion to Dismiss [39], which is premised solely upon ineffective service of process, is **DENIED as moot**.

## II.   Defendants' Joint Motion for Sanctions

Having resolved above-discussed pending motions in this case, only Defendants' Joint Motion for Sanctions remains. In that motion, Defendants move for sanctions pursuant to Rule 11 on the basis of (1) Plaintiff's filing his Motion for Summary Judgment; (2) Plaintiff's alleged intentional service of a pleading bearing an inaccurate date on the certificate of service, which Defendants contend was calculated to cause them to miss a filing deadline; and (3) Plaintiff's threats to sue counsel personally and file grievances with the State Bar of Georgia based on the execution of an unsolicited waiver of service. For the reasons that follow, the Court declines to impose sanctions at this time.

"Sanctions pursuant to Fed. R. Civ. P. 11 may be imposed against an

attorney or a party who files a pleading that (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose." Harris v. Heinrich, 919 F.2d 1515, 1516 (11th Cir. 1990). That said, Rule 11 imposes certain procedural requirements on a party seeking sanctions under that Rule. Specifically, Rule 11 provides:

> [A motion under Rule 11] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

FED. R. CIV. P. 11(c)(1)(A). Thus, Rule 11 contains a "safe harbor" provision that requires the party seeking sanctions to serve the motion for sanctions upon his adversary and afford him 21 days in which to withdraw or modify the objected-to submissions <u>before</u> filing the motion with the Court.

It does not appear that Defendants have complied with this procedural requirement, and as such, their motion is improper. The certificate of service attached to Defendants' Motion for Sanctions reflects that their motion was served on Plaintiff via United States mail on April 17, 2006–the same day that motion was filed with the Court. (<u>See</u> Defs.' Joint Mot. for Sanctions [36-1] at

4

4-5, [36-2] at 17-18.)  Nothing in the record indicates that Defendants have complied with the safe harbor provision of Rule 11 by serving Plaintiff with a copy of their motion at least 21 days before filing the same with this Court. Accordingly, Defendants' Motion for Sanctions is **DENIED**.

While the Court declines to impose sanctions on Plaintiff at this time, the Court takes this opportunity to state that the proscriptions of Rule 11 apply with equal force to litigants who elect to proceed pro se.  See Brown v. Consol. Freightway, 152 F.R.D. 656, 660 (N.D. Ga. 1993) ("Rule 11 imposes upon both attorneys and pro se litigants the burden . . . of ascertaining that there is a reasonable basis for maintaining the action or position taken in the papers."). Thus, going forward, all parties should carefully consider the factual assertions and legal arguments presented to the Court.  Where either is found to be without basis, or if the Court were to conclude that any paper is filed for an improper purpose, the Court may find the imposition of sanctions under Rule 11 appropriate.[1]  Moreover, the Court expects all persons involved in this litigation

---

[1] The Court notes that Rule 11 expressly provides for the imposition of sanctions by the Court on its own initiative.  Should the Court conclude that a given filing in this matter is without basis in law or fact, or imposed for an improper purpose, the Court will not hesitate to require the filing party to appear and show cause as to why sanctions should not be imposed.  Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir.

AO 72A
(Rev.8/82)

to comport themselves with dignity, propriety, and professionalism.  Ad hominem attacks and personal threats have no place in these proceedings and will not be tolerated.

## Conclusion

For the reasons stated herein, Defendants' Motions to Stay Pending Resolution of Prior Action [9, 11] are **DENIED as moot**; Plaintiff's Motion for Summary Judgment and Motion to Strike [10] is **DENIED**; Defendants' Joint Motion for Sanctions [36] is **DENIED**; and Defendants' Motion to Dismiss [39] is **DENIED as moot**.

**SO ORDERED** this   15th   day of June, 2006.

*[signature]*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

2003) ("Court-initiated sanctions under Rule  11(c)(1)(B) do not involve the 'safe harbor' provision contained in Rule 11(c)(1)(A).").